# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

THOMAS EDWARD CAMPBELL                                                          PETITIONER

v.                                                                   No. 4:16CV76-MPM-DAS

SHARON HAMPTON, ET AL.                                                         RESPONDENTS

### ORDER *DENYING* PETITIONER'S MOTION FOR RECONSIDERATION, *DISMISSING* PETITION FOR A WRIT OF *HABEAS CORPUS* AS *RES JUDICATA*

This matter comes before the court, *sua sponte*, on consideration for dismissal. The petitioner, Thomas Edward Campbell, originally filed the instant case as an action under 42 U.S.C. § 1983 challenging the conditions of his confinement. However, he included in his complaint various claims for *habeas corpus* relief under 28 U.S.C. § 2254. The court directed the Clerk's Office to open a new *habeas corpus* case using the § 1983 complaint and to send Mr. Campbell the proper form for seeking § 2254 relief. The court also ordered the petitioner to complete and return that form to this court within 30 days of the date of that order (April 20, 2016). Mr. Campbell did not do so, and the court dismissed the petition without prejudice on August 30, 2016, for failure to comply with an order of the court.

Mr. Campbell sought reconsideration of that decision on September 9, 2016, stating that he had actually mailed the petition to the court on March 3, 2016, which, the court notes, was *before* the court issued the order to complete and return the proper form. Within his motion to reconsider, Mr. Campbell included a *habeas corpus* petition on the § 2254 form, and stated that he had also filed a *habeas corpus* petition regarding the same issues in the United States District Court for the Southern District of Mississippi in "Civil Action No. 3:15CV803-TSL-RHW."[1] A review of Mr. Campbell's petition presented in the present case reveals that it is simply a photocopy of the petition for a writ of

---

[1] **Error! Main Document Only.** The court takes judicial notice of prior proceedings involving the petitioner, both state and federal. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

*habeas corpus* that he filed in the Southern District on March 3, 2016 (the date he says he mailed the petition to this court). *Campbell v. Hampton*, 3:16CV130-HTW-LRA (S.D. Miss.) Thus, Mr. Campbell elected to file his *habeas corpus* petition in the Southern District, rather than this court. The Southern District dismissed the petition without prejudice for failure to exhaust state remedies on November 29, 2016.

## Fed. R. Civ. P. 59(e)

The court interprets the instant motion to reconsider, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e). An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The petitioner has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). Indeed, the case was dismissed because he failed to follow the court's order to complete and return the proper *habeas corpus* form to this court within thirty days. He did not do so – and, instead, elected to file the form in the United States District Court for the Southern District of Mississippi. As such, the petitioner's request to alter or amend judgment will be denied.

## *Res Judicata* and Collateral Estoppel

In addition, now that the Southern District has ruled on Mr. Campbell's *habeas corpus* claims for relief, all of the claims the plaintiff brings in this case (which are identical to those in the previous case) are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is

conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.*

*Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The claims at issue in both cases are: (1) lack of notice for a disciplinary hearing, (2) being threatened with mace after requests for medical treatment, (3) being framed for a rule violation, (4) a move to another facility terminating his grievance process, and (5) the reinstatement of Rule Violation Reports that had already been administratively dismissed.

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of and any suits arising out of those events as to any parties he actually sued regarding those events.

Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Sharon Hamton, Marshall Fisher, R. Pennington, and Timothy Morris should be dismissed as frivolous. Further, under the doctrine of issue preclusion, all of the plaintiff's claims must be dismissed as frivolous, as a valid judgment has been entered against the plaintiff in *Campbell v. Hampton*, 3:16CV130-HTW-LRA (S.D. Miss.) covering these precise issues. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all respondents must be dismissed as frivolous.

In sum, the petitioner's motion [6] for reconsideration is **DENIED** because he has not met the requirements of Fed. R. Civ. P. 59(e) – and because all of his claims are barred under the doctrines of *res judicata* and collateral estoppel.

**SO ORDERED**, this, the 29th day of August, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**